**Jordan KOTTLE, Plaintiff,**

v.

**UNIFUND CCR, LLC,
et al., Defendants.**

**Case No. CV 13–03413–JEM.**

United States District Court,
C.D. California.

Jan. 13, 2014.

Andre L. Verdun, Crowley Law Group, Eric A. LaGuardia, LaGuardia Law, San Diego, CA, for Plaintiff.

Tomio B. Narita, Christopher M. Spain, Simmonds and Narita LLP, San Francisco, CA, for Defendant.

### MEMORANDUM OPINION AND ORDER RE ATTORNEYS' FEES (Dockt. # 34)

JOHN E. McDERMOTT, United States Magistrate Judge.

### PROCEEDINGS

Prevailing Plaintiff Jordan Kottle ("Plaintiff" or "Kottle") filed an Application for Attorneys' Fees ("Application") on November 6, 2013. Defendant Unifund CCR, LLC ("Defendant" or "Unifund") filed an Opposition on December 17, 2013. Plaintiff filed a Reply on December 24, 2013. The Court GRANTS Kottle's Application, awarding fees in the amount of $10,782.00.[1]

Unifund filed a Request for Judicial Notice of pleadings filed in other cases. Kottle did not oppose the Request. The Court GRANTS Unifund's Request for Judicial Notice.

### I. BACKGROUND

On March 5, 2013 Unifund filed suit against Kottle in Los Angeles Superior Court to collect on an outstanding Citibank account. On May 13, 2013, Kottle filed a complaint in this case against Unifund and its counsel from the state court action, Lang, Richert and Patch, for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code § 1788. The complaint alleges harassing phone calls, a dunning letter that sought to collect an amount on a debt not authorized by agreement and failure to serve the state court complaint on Kottle.

On June 13, 2013, Kottle dismissed Lang, Richert and Patch from this action. On September 26, 2013 Kottle filed a First Amended Complaint, limiting his claims to the attempt to collect a debt in an amount not authorized by agreement.

On October 23, 2013, Unifund presented Kottle with a Fed.R.Civ.P. Rule 68 Offer of Judgment for $2,001.00, plus reasonable attorneys' fees and costs incurred only with respect to this matter in an amount to be agreed by counsel, or failing agreement, in an amount to be determined by the Court. On October 30, 2013, Kottle accepted Unifund's Offer of Judgment.

### II. APPLICABLE LEGAL STANDARDS

The FDCPA authorizes attorneys' fees in a successful consumer suit. 15 U.S.C. § 1692k(a)(3). So does the Rosenthal Act. Cal. Civil Code § 1788.30(c). Both parties recognize the Supreme Court's ruling in *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (considering fees under a similar

---

1. Kottle did not request costs in the Application. Kottle indicates he will seek costs in a Bill of Costs Motion. Application, 10:15–16. Thus, the issue is reserved.

fee shifting statute, 42 U.S.C. § 1988) that the most useful starting point in determining a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate (the "lodestar"). A party must submit evidence supporting the hours. *Id.* at 433, 103 S.Ct. 1933. The award will be reduced where documentation is inadequate. *Id.* A court also must exclude from the initial calculation hours that were not reasonably expended. *Id.* Counsel for a prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434, 103 S.Ct. 1933.

■ An important factor in evaluating the reasonableness of the hours expended is the result obtained. *Id.* This is an important factor where a prevailing party succeeded on only some claims for relief. *Id.* Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee, including all hours reasonably expended. *Id.* at 435, 103 S.Ct. 1933. Plaintiff's success, then, is a "crucial factor" in determining the proper amount of a fee award. *Id.* at 440, 103 S.Ct. 1933. Indeed, "the most critical factor is the degree of success obtained." *Id.* at 436, 103 S.Ct. 1933.

■ The Court has discretion in determining the amount of fee award. *Id.* at 437, 103 S.Ct. 1933. The Court, however, must provide a concise and clear explanation of its reasons for the award. *Id.* In ruling on requested adjustments, the Court "should make clear that it has considered the relationship between the amount of the fee award and the results obtained." *Id.*

■ The applicant bears the burden of establishing entitlement to an award. *Id.*

## III. DISCUSSION

■ Kottle seeks to recover $21,564.00 in attorneys' fees as the prevailing party. He has submitted documentation indicating that two attorneys billed 87.80 hours of time. Attorney Eric LaGuardia claims 46.80 hours at a rate of $300 an hour. Attorney Andre L. Verdun claims 41 hours at a rate of $315 an hour. Kottle voluntarily imposed a 20% reduction to account for any duplicative work and any possible overlap related to the defendant who was dismissed, Lang, Richert and Patch. This resulted in a discount of $4,391.00. Kottle also did not include 20–25 hours for meetings between counsel.

Unifund concedes that Kottle is a prevailing party and that Kottle is entitled to fees in some amount. Unifund does not challenge the billing rates of attorneys LaGuardia and Verdun. Unifund, however, makes a number of arguments to reduce the amount claimed by Kottle which Unifund contends "at most" should be $5,392.03.

### A. Unsuccessful Claims

■ Unifund argues for a 67% across the board reduction because Plaintiff did not prevail on two of his three claims. Plaintiff abandoned his phone call and failure to serve allegations. The Supreme Court in *Hensley*, however, explicitly rejected Unifund's mathematical approach. 461 U.S. at 435 n. 11, 438, 103 S.Ct. 1933. The Supreme Court also rejected any rule of proportionality in *City of Riverside v. Rivera*, 477 U.S. 561, 574, 578, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). As there rarely will be extensive damages, a rule of proportionality would discourage vigorous enforcement of FDCPA. *See, e.g., Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 974 (4th Cir. 1987) (Fair Credit Reporting Act case); *Perez v. Perkiss*, 742 F.Supp. 883, 887, 892

(D.Del.1990) (FDCPA case awarding $10,110.00 in attorneys' fees with damages of $1,200.00). Thus, reductions in the amount claimed by Kottle must be based on valid reasons, not simply mathematical disproportionality.

Unifund also argues that the two abandoned claims were frivolous and is entitled to recover its fees for defending those claims. Kottle voluntarily eliminated these claims from the First Amended Complaint, not because they were frivolous, he says, but because they were more uncertain of success and he wanted to focus on the more likely to succeed letter claim. There is no demonstration that when the complaint was initially filed Kottle knew that the two abandoned claims were unlikely of success, nor can it be said that the claims were frivolous. Plaintiffs often begin a case with numerous claims and theories, only to narrow their claims as discovery makes clear that some claims are unlikely to succeed, as happened here. Thus, the Court rejects Unifund's contention that it is entitled to fees incurred in defending the two abandoned claims.

More difficult to resolve is Unifund's contention that Kottle's fees should be reduced because he only prevailed on one of his three initial claims. Unifund is guilty of an overstatement in asserting that fees are limited to work performed on the successful claim. *Hensley* makes clear that while hours spent on unrelated claims that were not successful should be excised, work on related claims can be recovered even if the claims were not successful. *Id.* at 434–437, 440, 103 S.Ct. 1933. Recovery on interrelated claims may be denied where there is but partial or limited success, as any fee award must be reasonable in light of the extent of success or relief achieved. *Id.* at 436–440, 103 S.Ct. 1933.

Unifund makes the flat assertion that Kottle's three claims are unrelated, without any application of *Hensley's* distinction between related and unrelated claims to the claims in this case. Kottle does not even address the issue in his Reply. The Court is unable to say that the two abandoned claims are "distinct in all respects" from the successful claim. *Id.* at 440, 103 S.Ct. 1933. All three claims set forth aggressive creditor tactics *as to the same debt.*

Kottle's letter claim was a victory of more value than simply the $2,001.00 recovery because it fended off Unifund's improper effort to extract more money from Kottle than the agreement authorized. The improper service claim was a minor claim that Kottle did not expend much time pursuing.

The phone calls claim was more substantial, perhaps equaling in significance the letter claim. The parties spent considerable time on this claim, certainly more than was expended on the letter claim, and Unifund presents compelling evidence that Kottle unreasonably delayed in dismissing the claim. On these facts, the Court concludes that Kottle achieved "partial" success. As *Hensley* commands, Kottle's award must be reduced to reflect his partial success. The Court will reduce the requested fees by 50%.

Unifund also seeks a reduction of hours spent dismissing the phone calls and service claims. This time already is incorporated within the reduction ordered above. Additionally, the Court finds no fault on Kottle's part in bringing the claim and, whether it was dismissed early on or later, the expense would be the same.

### B. Other Issues

Unifund seeks a reduction of 6 hours or a 50% reduction of 10.6 hours of work that it contends was duplicative. Unifund argues that this was a simple FDCPA case

that did not require the efforts of two separate attorneys. There undoubtedly was some duplication of effort but Kottle already reduced his fee request by 20% for duplication, which is more than the reduction sought by Unifund. No further reduction is warranted.

Unifund seeks to eliminate 5.9 hours it contends is administrative or clerical work that is not recoverable as attorneys' fees. *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). The Court has reviewed the time entries of Kottle's counsel and does not agree that time was charged for clerical tasks. Unifund's contention is unfounded.

Unifund contends that 15.3 hours should be eliminated or reduced for time spent on pleadings that were just a "copy and paste" job using prior pleadings. Attorneys often work from a sample of prior pleadings from other cases and then revise and edit to customize the pleading to the particular facts of the case at hand. The Court finds no merit in Unifund's argument and the Court's 50% "haircut" already has incorporated some of the time Unifund seeks to excise.

Unifund's last argument is that 2.2 hours it contends was spent on the state court litigation should be eliminated because its Rule 68 Offer specifically limited any fee recovery to this litigation only. Attorneys LaGuardia and Verdun both have filed declarations under oath that none of the time for which they seek to recover was expended on the state court litigation. The Court therefore rejects Unifund's contention.

## C. Award

The Court concludes that, in view of Kottle's "partial" success in this case, a reduction of 50% in his fee request of $21,564.00 is appropriate. Kottle's recovery is $10,782.00.

## ORDER

IT IS HEREBY ORDERED that Plaintiff be awarded attorneys' fees in the amount of $10,782.00.